UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FAROULH DORLETTE,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF STAMFORD, et al.,<br>    *Defendants.* | No. 3:23cv1589 (OAW) |

## INITIAL REVIEW ORDER

Plaintiff Faroulh Dorlette, an inmate in the custody of the Connecticut Department of Correction ("DOC"), is proceeding *pro se* in this action. He has filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of his rights under the Constitution of the United States of America in connection with his arrest on March 23, 2023. He also asserts state tort claims. *See generally* ECF No. 10. Plaintiff has sued the City of Stamford and the following officials within the Stamford Police Department: Chief of Police Doe; Assistant Chief of Police Conklin; Sergeants Phillips, Cooper, Malanga, Alvarez, Rosa, and Petrizzi ("Sergeant Defendants"); Officers Pennoyer, Derisne, Romano, Lavigne, Cooper, Rosado, Montanaro, Linnehan, Spinosa, Califano and Kane ("Officer Defendants"); Lieutenants Baker and O'Brien ("Lieutenant Defendants"); and Stamford Police Department Freedom of Information Act ("FOIA") Officer Doe 2. He sues Chief Doe and Assistant Chief Conklin in their individual and official capacities, and the remaining individual defendants in their individual capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity, or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must

1

dismiss the complaint, or any portion thereof, that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  The court thoroughly has reviewed all factual allegations in the operative complaint and has conducted an initial review of the allegations therein.

I.      **Allegations**[1]

Plaintiff alleges he was sitting in his parked vehicle at 4 p.m. on March 23, 2023, when he was rammed from behind by a Stamford Police Department vehicle. The collision caused him pain in and around his neck.

Shortly after the collision, Plaintiff heard four loud sounds and saw flashes and smoke that appeared to come from explosive devices.  Plaintiff alleges that Defendants Alvarez, Baker, Romano, and Rosa had each deployed flashbang grenades toward him. The grenades shattered Plaintiff's car windows and caused Plaintiff emotional distress and extreme pain to his ears and eyes.

Although Plaintiff offered no resistance, Defendants Phillips, Alvarez, Lavigne, Pennoyer, Rosa, Romano, and Baker trained high powered assault rifles on Plaintiff and threatened to blow off his head, kill him, or shoot him.

Shortly thereafter, Plaintiff was tased, although he had not resisted and he did not pose any threat to the officers. Defendant Alvarez removed Plaintiff from his vehicle and placed him in tight handcuffs that pained Plaintiff and cut off his circulation.

---

[1] All factual allegations are drawn from the operative complaint, ECF No. 10, and are presumed true for the purpose of initial review.

Plaintiff pleaded that the handcuffs were too tight and begged them for adjustment, but his pleas were ignored. Plaintiff now suffers from "possible" permanent physical and psychological damage. Plaintiff alleges that all the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants were involved in these events.

After being placed in restraints, Defendant Phillips asked Plaintiff if he remembered him and explained the police action as Phillips and his "buddies" retaliating against Plaintiff for a prior civil lawsuit in federal court[2] and also because Plaintiff tried to make him look stupid while Defendant Phillips testified during a suppression hearing in a federal criminal proceeding in which Plaintiff had been the defendant.[3]

Plaintiff sent a request to Stamford Police Department FOIA Officer Doe 2 seeking a police report, and also sent a complaint letter to Chief Doe describing these events. In reply to his FOIA request, Plaintiff received a one-page supplemental report, which appeared to be only part of the police report he had requested. He never received a response to his letter of complaint.

## II.    DISCUSSION

Plaintiff asserts claims for violation of his constitutional rights under 42 U.S.C. § 1983 and state tort laws.

### A.    Chief Doe and Assistant Chief Conklin

A plaintiff seeking damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violations. *See Wright*

---

[2] *Dorlette v. Edson*, 09cv414 (AWT).
[3] Specifically, Defendant Phillips's credibility was impeached at a suppression hearing in *United States v. Dorlette*, Case No. 3:09cr173 (JBA).

*v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991); *see also Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020) (noting that a plaintiff must "plead and prove that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

Plaintiff has not alleged any facts that establish either the Chief's or the Assistant Chief's personal involvement in the relevant conduct. There are no facts alleged as to the Assistant Chief, and the only action attributable to the Chief is apparent neglect of Plaintiff's letter of complaint. But that omission is insufficient to carry any claims against the Chief. "[A]s a matter of law, a defendant's mere 'receipt of a letter or grievance, without personally investigating or acting [thereon], is insufficient to establish personal involvement.'" *Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (quoting *Burns v. Fischer*, 2014 WL 1413387, at *5 (W.D.N.Y. Feb. 3, 2014)) (second alteration in original); *see also Jones v. Annucci*, No. 16-cv-3516, 2018 WL 910594, at *11–12, (S.D.N.Y. Feb. 14, 2018) (noting that acting commissioner's failure to respond to the plaintiff's letter complaint "without more, does not plausibly allege his personal involvement . . . ."). Accordingly, all claims against the Chief and the Assistant Chief in their personal capacities must be dismissed.

### B. Excessive Force

The Fourth Amendment protects people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.,

4

amend. IV.  Because the Fourth Amendment protects against unreasonable seizures, it has long been recognized that the Fourth Amendment is violated if the police use excessive force against a free person for the purpose of arresting or restraining his or her freedom of movement.  *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that excessive force claims "aris[ing] in the context of an arrest" should be analyzed under the Fourth Amendment); *see also Gerstein v. Pugh*, 420 U.S. 103, 125 n.27 (1975) ("The Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases.").  The protections of the Fourth Amendment are made applicable to the states by the Fourteenth Amendment.  *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).[4]

To state a plausible Fourth Amendment excessive force claim, Plaintiff must show that the force used by Defendants was "objectively unreasonable."  *Graham*, 490 U.S. at 397.  The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, *id.* at 396, and it "requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight."  *Hemphill v. Schott*, 141 F.3d 412, 417 (2d Cir. 1998).  Officers are liable not only when they use excessive force themselves, but also when they fail to intervene to stop the excessive use of force by another officer

---

[4] Plaintiff also asserts that his Fourth Amendment rights were violated due to an unlawful search and seizure, but he has adduced no facts about any search at all, and it is not clear whether his arrest terminated favorably to him, as required for a claim of false arrest. *See Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (citing *Roesch v. Otarola*, 980 F.2d 850, 853–54 (2d Cir. 1992).

when in a position to observe the conduct and with time to intervene. *Sloley v. VanBramer*, 945 F.3d 30, 46–47 (2d Cir. 2019).

For purposes of initial review, Plaintiff's allegations are sufficient to permit him to proceed on his excessive force and failure to intervene claims against all the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants in their individual capacities for the ramming of his car, the use of flashbang grenades, the use of a taser, and the unreasonably tight handcuffs.

### C.  Deliberate Indifference to Health and Safety

Plaintiff alleges that the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants acted with deliberate indifference to his health and wellbeing after he was arrested.  In the context of claims asserting deliberate indifference to the health or safety needs of detainees who have been arrested but not yet arraigned, the Second Circuit has indicated that the Fourteenth Amendment applies.  *See Shakir v. Stankye*, 2020 WL 1480141, **3 (2d Cir. Mar. 24, 2020) (summary order).[5]

To state a Fourteenth Amendment claim for unconstitutional conduct during the course of an arrest, to include deliberate indifference to health or safety, Plaintiff must satisfy two elements: an objective element "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," and a subjective element "showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id.* (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).

---

[5] Plaintiff also asserts Fifth Amendment deliberate indifference claims, but the Fifth Amendment applies only to the federal government, and so any Fifth Amendment claim hereby is dismissed.  *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 466–67 (S.D.N.Y. 2009).

The subjective element may be satisfied either by showing that a defendant intentionally imposed the conditions at issue, or that they "recklessly fail[ed] to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* (quoting *Darnell*, 849 F.3d at 35).  Implicit in this standard is the requirement that a plaintiff must be in custody to state a deliberate indifference claim. *See Barrett v. Marquez*, No. 3:25-CV-00022 (VAB), 2025 WL 1424921, at *1 (D. Conn. May 16, 2025).  The court accepts for the purpose of this initial review that from the moment the officers rammed Plaintiff's car, he was in custody.  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998).

Accepting Plaintiff's allegations as true, he posed no threat to the arresting officers while sitting in his car, such that the risks of detonating flashbang grenades and using the police vehicle to ram Plaintiff's vehicle was unwarranted.  Further, Plaintiff alleges he sustained physical and psychological injuries from the experience.  Thus, the court will permit Plaintiff to proceed on his Fourteenth Amendment claims of indifference to his health and wellbeing against the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants for further development of the record.

D. **First Amendment Retaliation**

Plaintiff alleges that Defendant Phillips orchestrated the police action against him to retaliate against him for his prior protected activity, namely the civil lawsuit he filed against Defendant Phillips and his in-court impeachment of Defendant Phillips.

To plead a First Amendment retaliation claim, an inmate plausibly must allege: (1) that he engaged in protected speech or conduct, (2) that the defendant took adverse

7

action against him, and (3) that the adverse action was the result of a retaliatory motive, that is, that there was a causal connection between the protected conduct and the adverse action.  *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015).  The United States Court of Appeals for the Second Circuit has "instructed district courts to 'approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act.'"  *Id.* at 295 (quoting *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir.2003)).

Here, the court presumes Plaintiff's claim satisfies the first and second prongs of the analysis.  And as Plaintiff alleges that Defendant Phillips admitted to him that the police operation was performed to "get back" at him, the court considers for the purpose of initial review that Plaintiff has raised an inference of a causal connection between the adverse action (the police action against him) and his prior protected conduct.  Accordingly, the court will permit Plaintiff to proceed on his First Amendment retaliation claims against the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants.

### E. Conspiracy

Plaintiff asserts that the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants conspired to violate his federal rights in violation of section 1983.  For a conspiracy claim under section 1983, Plaintiff "must provide some factual basis supporting a meeting of the minds, such [as] that defendants entered into an agreement,

8

express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2013) (quoting *Romer v. Morgenthau*, 119 F.Supp.2d 346, 363 (S.D.N.Y.2000)).

Here, Plaintiff alleges that Defendant Phillips affirmatively stated that the other officers were helping him "get back" at Plaintiff with their arrest operation. The court finds this is sufficient to carry Plaintiff's conspiracy claim against the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants past initial review.

### F.     First Amendment Right to Speak Freely

Under his claim titled "Violation of Right to Speak Freely (1st Amendment)," Plaintiff complains that Defendant Doe 2 provided him with only part of the police report he requested. But "FOIA" applies only to the federal government; it does not apply to state or local governments, nor to their employees. *Lau v. Sullivan Cty. D.A., et al.*, No. 99-7341, 1999 WL 1069966, at *1 (2d Cir. 1999) (unpublished disposition). Plaintiff also cannot claim that non-compliance with his request for information under state law constitutes a violation of his First Amendment rights. Violations of state law are not cognizable under Section 1983. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of state law is not cognizable under § 1983."); *see also Crowder v. Farinella*, No. 3:17-CV-1135 (VAB), 2017 WL 3392546, at *6 (D. Conn. Aug. 7, 2017) ("Violations of state law are not cognizable under Section 1983."). Accordingly, the court must dismiss this claim.

### G.     City of Stamford

Plaintiff names the City of Stamford as a defendant. But "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City*

*of N.Y.*, 436 U.S. 658, 691 (1978).  Thus, "a municipality may not be held liable under § 1983 on a *respondeat superior* theory."  *Id.*  Instead, *Monell* provides that a municipality may be vicariously liable for unconstitutional police misconduct only if the misconduct was caused by a municipal policy, practice, or custom, or by a municipality's deliberate indifference and inaction in light of a history of prior similar constitutional deprivations by municipal officers.  *Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018).

Here, Plaintiff has not alleged sufficient facts plausibly to suggest that any conduct by the individual defendants was the product of a municipal policy, custom, or practice.  Accordingly, the court must dismiss any section 1983 claims against the City of Stamford.

### H. <u>Official Capacity Claims</u>

Plaintiff has sued Chief Doe and Assistant Chief Conklin in their official capacities, which effectively is another way to bring a claim against the municipality they work for: Stamford.  *Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir. 2010) (summary order).  Because Plaintiff has not alleged facts sufficient to state a claim for municipal liability, he cannot state a factual basis for a claim against the individual defendants in their official capacities.  Accordingly, Plaintiff's official capacity claims against Chief Doe and Assistant Chief Conklin must be dismissed as not cognizable.

### I. <u>State Law Claims</u>

This court can exercise supplemental jurisdiction over a state law claim if: (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on this court; and (4) the state and federal claims derive from

a common nucleus of operative fact. *Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989), abrogated on other grounds. Because Plaintiff asserts state law claims that derive from the same factual predicate as his plausible Fourth Amendment claims, the court may exercise supplemental jurisdiction over those state law claims that are plausible and that do not raise a novel and complex issue of state law. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim" that "raises a novel or complex issue of State Law. . . .").

### 1. *Assault and Battery*

In Connecticut, a civil assault is defined as "the intentional causing of imminent apprehension of harmful or offensive contact with another." *German v. Dzurenda*, No. 3:09-cv-1316 (SRU), 2011 WL 1214435, at *22 (D. Conn. Mar. 28, 2011) (quoting *Dewitt v. John Hancock Mutual Life Ins. Co.*, 5 Conn.App. 590, 594 (1985)). "[A]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id.* (quoting *Alteiri v. Colasso*, 168 Conn. 329, 334, n.3 (1975)).

For purposes of this initial review, Plaintiff's allegations are sufficient to raise an inference that he was subjected to assault and battery by Defendant Alvarez. Accordingly, the court will permit Plaintiff to proceed on this claim.

### 2. *Intentional Infliction of Emotional Distress*

Under Connecticut law, four elements must be established to prevail on a claim for intentional infliction of emotional distress: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result

11

of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Appleton v. Bd. of Educ. of Town of Stonington,* 254 Conn. 205, 210 (2000) (quoting *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986)).

For initial pleading purposes, Plaintiff's allegations are sufficient to permit him to proceed on his intentional infliction of emotional distress claims against the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants.

### 3. *Negligent Infliction of Emotional Distress*

"To prevail on a claim of negligent infliction of distress, the plaintiff is required to prove that '(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress.'" *Hall v. Bergman*, 296 Conn. 169, 182 n.8 (2010) (quoting *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003)).

For initial pleading purposes, Plaintiff's allegations are sufficient to permit him to proceed on his negligent infliction of emotional distress claims against the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants.

### 4. *Negligence Against City of Stamford*

Plaintiff claims that the City of Stamford is liable for the negligent conduct of the Lieutenant, Sergeant and Officer Defendants under Connecticut General Statutes § 52-557n. *Considine v. City of Waterbury*, 279 Conn. 830, 836 (2006). The statute provides that a municipality "shall be liable for damages to person or property caused by . . . [t]he

12

negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . ." Conn. Gen. Stat. § 52–557n(a)(1). The statute further provides that a municipality "shall not be liable for damages to person or property caused by: (A) [a]cts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or willful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Conn. Gen. Stat. § 52–557n(a)(2).

For purposes of initial review, Plaintiff has alleged facts sufficient to permit him to proceed on his negligence claim against the City of Stamford.

### III. CONCLUSION

For the foregoing reasons, the court enters the following orders:

(1) The case shall proceed on the following claims for damages:

>   (a) Fourth Amendment excessive force against Lieutenants Baker and O'Brien; Sergeants Phillips, Cooper, Malanga, Alvarez, and Rosa; and Officers Pennoyer, Derisne, Romano, Lavigne, Cooper, Rosado, Montanaro, Linnehan, Spinosa, Califano and Kane in their individual capacities;
>
>   (b) Fourteenth Amendment deliberate indifference against Lieutenants Baker and O'Brien; Sergeants Phillips, Cooper, Malanga, Alvarez, and Rosa; and Officers Pennoyer, Derisne, Romano, Lavigne, Cooper, Rosado, Montanaro, Linnehan, Spinosa, Califano and Kane in their individual capacities;
>
>   (c) Conspiracy to violate federal laws under 48 U.S.C. § 1983 against Lieutenants Baker and O'Brien; Sergeants Phillips, Cooper, Malanga, Alvarez, and Rosa; and Officers Pennoyer, Derisne, Romano, Lavigne, Cooper, Rosado, Montanaro, Linnehan, Spinosa, Califano and Kane in their individual capacities;

      (d) First Amendment retaliation claim against the Officer Defendants, the Sergeant Defendants, and the Lieutenant Defendants in their individual capacities;

      (e) State law claims of assault and battery against Sergeant Alvarez in his individual capacity;

      (f) State law intentional and negligent infliction of emotional distress against Lieutenants Baker and O'Brien; Sergeants Phillips, Cooper, Malanga, Alvarez, and Rosa; and Officers Pennoyer, Derisne, Romano, Lavigne, Cooper, Rosado, Montanaro, Linnehan, Spinosa, Califano and Kane in their individual capacities; and

      (g) Negligence under Connecticut General Statutes § 52-577n against the City of Stamford.

All other claims, including official capacity claims, are DISMISSED. Defendants Chief Doe, Assistant Chief Conklin and Doe 2 are DISMISSED from this case.

    (2) Within **twenty-one (21) days** from the date of this Order, the Clerk of Court shall please mail a waiver of service of process request packet containing the amended complaint, docketed at ECF No. 10 and this order to Lieutenant Baker, Lieutenant O'Brien, Sergeant Phillips, Sergeant Cooper, Sergeant Malanga, Sergeant Alvarez, Sergeant Rosa, Officer Pennoyer, Officer Derisne, Officer Romano, Officer Lavigne, Officer Cooper, Officer Rosado, Officer Montanaro, Officer Linnehan, Officer Spinosa, Officer Califano and Officer Kane at the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901.

    The Clerk of Court shall please report to the court on the status of the waiver requests on the **thirty-fifth (35) day** after mailing. If any Defendant fails to return the waiver request, the Clerk of Court shall please arrange for their in-person service by the U.S. Marshals Service, and any such defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk of Court shall please send a courtesy copy of the complaint and this Order to the City of Stamford, Corporation Counsel, 888 Washington Boulevard, 9th Floor, Stamford, CT 06901.

(4) The defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the claims recited above.  The defendants may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the court.  The Order also can be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can

result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  He should also notify the defendants or defense counsel of his new address.

**IT IS SO ORDERED** at Hartford, Connecticut, this 23rd day of July, 2025.

                                                _____/s/_____
                                                OMAR A. WILLIAMS
                                                UNITED STATES DISTRICT JUDGE